IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No: 3:03cr144/LAC
3:05cv247/LAC/MD

**MARK A. STEWART**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 21). The government has filed a motion to dismiss the motion as untimely (doc. 28) and the defendant has responded (doc. 31).

**BACKGROUND and ANALYSIS**

Defendant pleaded guilty to felony driving under the influence. He was sentenced on March 26, 2004 to a term of 54 months imprisonment and 36 months supervised release. The judgment of sentence was entered on March 31, 2004. He did not appeal his conviction and sentence. On or about May 31, 2005, he filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. (Doc. 19). The motion was denied on June 6, 2005. (Doc. 20). The instant motion was filed pursuant to the prison mailbox rule[1] on June 29, 2005. In this motion, defendant

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the

raises four grounds for relief. First he contends that his sentence was imposed in violation of the Ex Post Facto clause because the sentencing court relied on "old" DUI convictions.  Second, he alleges that he was sentenced based on incorrect information with respect to the former convictions.  Third, he claims that his sentence is excessive, and finally he claims that he received ineffective assistance of counsel.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  The judgment in defendant's case was entered on or about March 31, 2004.  Defendant claims that his conviction did not become final until the expiration of the 90 day period for seeking certiorari in the United States Supreme Court.  The case he cites, *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) is inapposite, as it dealt with a petition for certiorari directly from California's highest court.  In federal case such as this one, the additional 90 day period applies in cases in which a direct appeal was filed.  In such cases, the judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the

---

contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

Case No: 3:03cr144/LAC; 3:05cv247/LAC/MD

Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires, ie. ninety days after the court of appeals judgment becomes final. *Clay v. United States,* 527 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002).

If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, defendant's conviction and sentence became final ten days after sentencing, on April 12, 2004.[2] Therefore, to be timely, his § 2255 motion had to be filed not later than April 12, 2005. As noted above, defendant's motion was not filed until June 29, 2005. Therefore, it was facially untimely.

Unless defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286). The onus is on the defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant claims that he spent nine months in a state prison facility where he allegedly did not have access to federal research materials, and that this excuses the late filing of the instant motion. The mere inability of a prisoner to access a law

---

[2] April 10, 2004 was a Saturday.

*Case No: 3:03cr144/LAC; 3:05cv247/LAC/MD*

library is not, in itself, an unconstitutional impediment, unless the inmate shows that this inability caused an actual harm, that is, unconstitutionally prevented him from exercising the fundamental right of access to the courts. *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000); see also *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) ("ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period"); *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000).  The defendant's nine month placement in a state facility is not the sort of "extraordinary circumstance" that warrants equitable tolling, nor is his misunderstanding of the additional 90 day tolling period after an appeal.  See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling...."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Therefore, his motion should be denied as untimely.

Accordingly, it is respectfully RECOMMENDED:
The government's motion to dismiss (doc. 28) be GRANTED and that the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 21)  be DISMISSED as untimely.

At Pensacola, Florida, this 31st day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

Case No: 3:03cr144/LAC; 3:05cv247/LAC/MD

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:03cr144/LAC; 3:05cv247/LAC/MD*